## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Sheldon Peters Wolfchild, Ernie Peters
Longwalker,  Scott Adolphson, Morris
Pendleton, Barbara Buttes and Thomas
Smith, on behalf of themselves and all
others similarly situated,

Plaintiffs,

vs.

Redwood County, Paxton Township,
Sherman Township, Honner Township,
Renville County, Birch Cooley Township,
Sibley County, Moltke Township, John
Goelz III, Gerald H. Hosek, et al., Allen J.
and Jacalyn S. Kokesch, Paul W. and
Karen J. Schroeder, Chad M. and Amy M.
Lund, Rockford L. and Janie K. Crooks,
UT School District, Episcopal Diocese of
Minnesota, Michael R. Rasmussen, Lee H.
Guggisberg Trust UWT, Patrick T. and
Nancy  S. Hansen, Kelly M. Lipinski,
Cynthia Johnson, Mitchell H. Unruh,
William and Norman Schmidt, Prouty
Properties LLC, Robert D. and Lori A.
Rebstock, Allan D. Eller, Elmer C. and
Barbara L. Dahms, Marlene A. Platt RT,
Eugene A. Engstrom, Enid Guggisberg, et
al., Melvin W. and Kerry D. Maddock,
Thomas J. Heiling, Keefe Family Farm
LLC, Larry Lussenhop, Jon Lussenhop, TJ
& CC Properties LLC, Dennis A. and
Michelle D. Ausland, Dale R. and Nancy

Civil File No. _____

VERIFIED COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

| | |
|---|---|
| **Hanna, Harold Guggisberg, Sandra Clarken, et al., Julie Anna Guggisberg, Steven R. and Dawn R. Helmer, George F. Schottenbauer, John and Alice and Francis Goeltz, et al., Edward J. Gaasch, Simmons Valley Trust, John C. and Mary J. Simmons, John (L.) Hogan, Timothy H. and Theresa J. Kerkhoff, Sherman Acres LLC, Kenneth Larsen, Henry G. and Judith A. O'Neil, Charles D. Neitzel, Scott A. and Kimberly A. Olafson, Kim M. Cunningham, John H. and Jeanne A. Reynolds, Douglas and Brenda Scherer, Willard and Eugenie Scherer, Bruce Robert Black, Lila L. Black, Neil and Donna Berger Family, Charles Case, Lyle Black Living Trust, Lower Sioux Indian Community, Defendant Doe Nos. 1-500,** | |
| **Defendants.** | |

### Verified Complaint for Declaratory and Injunctive Relief

Plaintiffs, on behalf of themselves and all others similarly situated, state, allege and claim in this Complaint against the above-named Defendants as follows:

**Introduction**

This is a declaratory judgment class action involving an identifiable group of American Indians: the Loyal Mdewakanton recognized by the federal government after the 1862 Sioux Uprising in Minnesota.

In this class action, the named Plaintiffs and the Proposed Plaintiff Class seek possession of its 12 square mile reservation in Redwood County, Renville County and Sibley County (Minnesota) set apart and conveyed by the Secretary of Interior to the Loyal Mdewakanton on March 17, 1865 under authority given the Secretary of Interior under the Act of February 16, 1863.

Federal courts have acknowledged the never repealed 1863 Act gave "an inheritance to said Indians and their heirs forever." However, after the reservation lands were set apart, because of white resistance to the Indians to establish themselves upon it, the Secretary of the Interior, for the United States — without authority — sought to convey those 12 square miles of land. The Secretary of Interior's attempt to convey the 12 square mile reservation did not repeal nor affect the Act of February 16, 1863. The Act did in fact create exclusive title, occupancy and use and right of quiet enjoyment belonging to the Loyal Mdewakanton.

Notwithstanding the Secretary of Interior's actions, title to those lands remains with the Loyal Mdewakanton. The Defendants, government entities and

private possessions never obtained legal possession of those lands and must now be ejected and make monetary payments for trespass.

## Jurisdiction and Venue

1.      This action arises under the Constitution and laws of the United States. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and federal common law.

2.      This Court has jurisdiction to render declaratory and injunctive relief under 28 U.S.C. §§ 2201 and 2202.

3.      The Federal Quiet Title Act, 28 U.S.C. § 2409a, including its 12 year statute of limitations, does not apply to this proceeding.

4.      The U.S. Supreme Court in *Oneida Cnty., N.Y. v. Oneida Indian Nation of New York State*, 470 U.S. 226, 233 (1985), held that American Indian federal common law claims against defendants are not preempted by the Federal Quiet Title Act and that federal policy barred the application of state doctrines such as statute of limitations, laches and adverse possession to American Indian federal common law claims.

5.      This Court has jurisdiction to award reasonable attorney's fees and costs under the Equal Justice Act, 28 U.S.C. § 2412.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(e)(1) because the Plaintiffs and Defendants reside within this district.

## The Parties

7.      Each of the above-named Plaintiffs and the Plaintiff Class members have a beneficial interest in the 12 square mile reservation as part of a class of lineal descendant(s) of an "individual of the before- named [Dakota] bands who exerted himself [or herself] in rescuing the whites from the late [1862] massacre [by] said Indians." The Plaintiffs and Plaintiffs' Class members are specifically-named beneficial heirs in the statutory phrase "shall be an inheritance to said Indians and their heirs forever," found in the Act of February 16, 1863, which legally established the Loyal Mdewakanton as having exclusive title, occupancy and use and the right of quiet enjoyment to the 12 square mile reservation as Loyal Mdewakanton.

8.      Defendants Redwood County, Paxton Township, Sherman Township, Honner Township, Renville County, Birch Cooley Township, Sibley County, Moltke Township, are interested parties because they contain, govern, tax, assess and possess, in part, the 12 square mile reservation.  The county and township Defendants claim property interests within the 12 square mile reservation area – including but not limited to county/township road rights of way, easements, etc. -- and are the beneficiaries of local tax and assessment revenues from the 12 square mile reservation area.

9. Defendants John Goelz III, Gerald H. Hosek, et al., Allen J. and Jacalyn S. Kokesch, Paul W. and Karen J. Schroeder, Chad M. and Amy M. Lund, Rockford L. and Janie K. Crooks, UT School District, Episcopal Diocese of Minnesota, Michael R. Rasmussen, Lee H. Guggisberg Trust UWT, Patrick T. and Nancy S. Hansen, Kelly M. Lipinski, Cynthia Johnson, Mitchell H. Unruh, William and Norman Schmidt, Prouty Properties LLC, Robert D. and Lori A. Rebstock, Allan D. Eller, Elmer C. and Barbara L. Dahms, Marlene A. Platt RT, Eugene A. Engstrom, Enid Guggisberg, et al., Melvin W. and Kerry D. Maddock, Thomas J. Heiling, Keefe Family Farm LLC, Larry Lussenhop, Jon Lussenhop, TJ & CC Properties LLC, Dennis A. and Michelle D. Ausland, Dale R. and Nancy Hanna, Harold Guggisberg, Sandra Clarken, et al., Julie Anna Guggisberg, Steven R. and Dawn R. Helmer, George F. Schottenbauer, John and Alice and Francis Goeltz, et al., Edward J. Gaasch, Simmons Valley Trust, John C. and Mary J. Simmons, John (L.) Hogan, Timothy H. and Theresa J. Kerkhoff, Sherman Acres LLC, Kenneth Larsen, Henry G. and Judith A. O'Neil, Charles D. Neitzel, Scott A. and Kimberly A. Olafson, Kim M. Cunningham, John H. and Jeanne A. Reynolds, Douglas and Brenda Scherer, Willard and Eugenie Scherer, Bruce Robert Black, Lila L. Black, Neil and Donna Berger Family, Charles Case, Lyle Black Living Trust, Lower Sioux Indian Community, currently possess lands within the 12 square mile reservation.

10. Defendant Doe Nos. 1 through 500 are current and past unknown possessors of lands within the 12 square mile reservation.

## Statement of Facts

11. Prior to August 1851, the Minnesota Sioux lived along the Mississippi River, stretching from the Territory of Dakota to the Big Sioux River. *See Medawakanton and Wahpakoota Bands of Sioux Indians v. United States,* 57 Ct.Cl. 357, 359 (1922).

12. Originally, these Sioux were all Mdewakanton, but they later split into four bands, known as the Mdewakanton and the Wahpakoota (together comprising the "lower bands"), and the Sisseton and the Wahpeton (known as the "upper bands" or "Santee Sioux"). *Medawakanton and Wahpakoota Bands of Sioux Indians v. United States,* 57 Ct.Cl. 357, 359 (1922).

13. On September 29, 1837, the Sioux entered a treaty with the United States by which they ceded "to the United States all their land, east of the Mississippi River, and all their islands in said river[,]" in consideration of the United States' investment of $300,000 for the benefit of the Sioux. Treaty of Sept. 29, 1837, arts. I–II, 7 Stat. 538 ("1837 Treaty").

14.     Under the 1837 Treaty, the United States was required to pay an annuity to the Sioux at a rate of not less than five percent interest, such annuity to be paid "forever." Treaty of Sept. 29, 1837 art. II, 7 Stat. at 538.

15.     In 1851, the Mdewakanton and Wahpakoota bands entered another treaty with the United States under which they ceded "all their lands and all their right, title and claim to any lands whatever, in the Territory of Minnesota, or in the State of Iowa[,]" and bound themselves to "perpetual" peace and friendship with the United States. Treaty of Aug. 5, 1851, arts. I–II, 10 Stat. 954 ("1851 Treaty").

16.     This treaty stated that the government would provide to the bands, among other compensation, a trust fund of $1,160,000, with interest set at five percent, to be paid annually for a period of fifty years. Treaty of Aug. 5, 1851, art. IV, ¶ 2, 10 Stat. at 954.

17.     The Sisseton and Wahpeton Bands signed a similar treaty on July 23, 1851, ceding all of their lands in the Territory of Minnesota and the State of Iowa, and "all of the lands owned in common by the four bands by natural boundaries." *Medawakanton,* 57 Ct.Cl. at 360; Treaty of July 23, 1851, art. II, 10 Stat. 949.

18.     The Sisseton and Wahpeton Bands were to receive compensation comparable to that of the Mdewakanton and Wahpakoota bands, with a trust of $1,360,000 and interest at 5% to be paid out annually for fifty years. *See* Treaty of July 23, 1851, art. IV, ¶ 2, 10 Stat. at 949.

19. Article 3 of both 1851 treaties provided for the creation of a reservation for the Minnesota Sioux to run along the Minnesota River. *See Medawakanton,* 57 Ct.Cl. at 361.

20. Based upon that Article, the Sioux were removed to the reservation delineated in the treaty. *See Medawakanton, 57 Ct.Cl.* at 360.

21. The Senate, however, struck out the third article in its ratification of each of the treaties and instead agreed to pay the Sioux for the reservation lands at a rate of 10 cents per acre, the total sum to be added to the trust funds created by the treaties. *See Medawakanton, 57 Ct.Cl.* at 360.

22. The Senate also authorized the President to set aside another reservation outside the limits of the ceded land. *See Medawakanton, 57 Ct.Cl.* at 360.

23. The appropriate compensation corresponding to the ten-cents-per-acre rate was thereafter added to the trust funds created by the treaties, but the President never established an alternative reservation for the Sioux. *See Medawakanton, 57 Ct.Cl.* at 362.

24. The Sioux continued to live on the land originally intended to serve as their reservation under the 1851 treaties. *See Medawakanton, 57 Ct.Cl.* at 362. .

25. In 1858, the United States entered into another treaty with the Sioux under which the Mdewakanton and Wahpakoota bands "agreed to cede that part of

their reservation lying on the north side of the Minnesota River" in exchange for compensation, including money and goods, the exact amount of which would be determined by the Senate at a later time. *Medawakanton,* 57 Ct.Cl. at 365–66; Treaty of June 19, 1858, arts. I–III, 12 Stat. 1031 ("1858 Treaty").

26.     The 1858 Treaty created a new reservation for the Sioux consisting of the land then occupied by the bands along the Minnesota River in south-central Minnesota. *See* 1858 Treaty, art. I, 12 Stat. 1031.

27.     By entering the 1858 Treaty the Mdewakanton and Wahpakoota bands of the Sioux Indians pledged "to preserve friendly relations with the citizens [of the United States], and to commit no injuries or depredations on their persons or property." 1858 Treaty, art. VI, 12 Stat. at 1031.

### The 1862 Sioux Uprising

28.     In August of 1862, individuals from each of the four bands of the Minnesota Sioux revolted against the United States in response its ' failure to furnish the money and supplies promised in exchange for the Sioux lands under the aforementioned treaties.

29.     In the course of that uprising, the Sioux killed more than 500 settlers and damaged substantial property, thereby breaching the 1851 and 1858 treaties.

30.     After defeating the Sioux, the United States annulled its treaties with them, which had the effect of, among other things, voiding the annuities that had

been granted and were then being paid to the Sioux as part of the terms of the 1837 and 1851 treaties and eliminating any possibility of compensation under the 1858 treaty. *See* Act of Feb. 16, 1863, ch. 37, 12 Stat. 652.

31. A portion of the remaining unexpended annuities was appropriated for payment to those settlers who had suffered damages as a result of the uprising. Act of Feb. 16, 1863, § 2, 12 Stat. at 652–53.

32. The United States also confiscated the Sioux lands in Minnesota, Act of Feb. 16, 1863, § 1, 12 Stat. at 652, and later directed that the Sioux be removed to tracts of land outside the limits of the then-existing states. *See* Act of Mar. 3, 1863, ch. 119, § 1, 12 Stat. 819.

33. Some of the Sioux, however, had been loyal to the United States during the uprising by either not participating in the revolt or affirmatively acting to save the settlers.

34. Nonetheless, Congress acted with a broad brush, declaring the Sioux's treaties void and annuities and allocation of land forfeited and failing to except from that termination the loyal Mdewakanton band of Sioux, whose annuity was valued at approximately $1,000,000.

35. Those Sioux who observed their pledge under the 1851 and 1858 treaties to maintain peaceful relations with the citizens of the United States were rendered "poverty-stricken and homeless." *Wolfchild,* 559 F.3d at 1232.

36.     Many of the loyal Sioux had lost their homes and property but could not "return to their tribe ... or they would be slaughtered for the part they took in the outbreak." Cong. Globe, 38th Cong., 1st Sess. 3516 (1864).

### *Congress Compensates the Loyal Mdewakanton*

37.     Notwithstanding the broad termination of the Sioux treaties, Congress did attempt to provide for the loyal Mdewakanton by including a specific provision for them in the Act of February 16, 1863.

38.     After confiscating the Sioux land, Congress authorized the Department to create a reservation for them:

> [T]he Secretary of the Interior is hereby authorized to set apart of the public lands, not otherwise appropriated, eighty acres in severalty to each individual of the before- named bands who exerted himself in rescuing the whites from the late massacre [by] said Indians. The land so set apart ... shall not be aliened or devised, except by the consent of the President of the United States, but shall be an inheritance to said Indians and their heirs forever.

Act of Feb. 16, 1863, § 9, 12 Stat. at 654.

39.     As the U.S. Court of Appeals for the Federal Circuit found  in a related litigation, the provision that the land would be "an inheritance to said Indians and their heirs forever[,]" "clearly would have created an inheritable beneficial interest in the recipients of any land conveyed under the statute."

*Wolfchild,* 559 F.3d at 1241.

***The Secretary of Interior in March of 1865***
***Creates the 12 Square Mile***
***Reservation Under the Act of Feb. 16, 1863***
*** – Creating Title in the Loyal Mdewakanton***

40.     In 1865, the Secretary of the Interior, in fact, used his authority to set apart a 12 square mile reservation for the "Loyal Mdewakanton" who exerted themselves in rescuing the whites from the late massacre by the hostile Mdewakanton.

41.     Five documents, Exhibits 1 through 5,  show the Secretary of Interior conveyed the 12 square mile (also 12 sections or 7,680 acres) reservation to the Loyal Mdewakanton on March 17, 1865.

42.     Exhibit 1, a letter dated Marcy 17, 1865, shows  the Secretary of Interior's authorizing  "Revd. S.D. Hinman, Missionary … to designate twelve sections in a reasonably compact body and I will direct the local land offices to reserve the same from settlement or sale as soon as they are notified of Mr. Hinman's selection." Ex. 1.

43.     In response, Reverend Hinman responded to the Secretary's directive by identifying 12 sections of land and he wrote the 12 sections down on the same Secretary letter of March 17, 1865.  The 12 sections Reverend Hinman wrote down were in Redwood, Renville and Sibley Counties (Minnesota):  Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.   Ex. 1.

44.    The Secretary of Interior *initialed* Reverend Hinman's selection – thereby setting the 12 sections apart and conveying the 12 sections to the Loyal Mdewakanton – including exclusive title, use and occupancy and right to quiet enjoyment. Ex. 1.

45.    Six days later, on March 23, 1865 (Exhibit 2) the  Commissioner of Indian Affairs wrote to Rev. Hinman confirming  the "decision of the Secy of the Interior already in your hands will be sufficient to authorize you to proceed to collect and establish the friendly Sioux upon the lands designated by you in your letter of the 17th instant."  Ex. 2.  The Commissioner also noted that "Supt. Thompson has been authorized to expend a sum not exceeding eight hundred dollars for plowing land and for the purchase of farming tools and seeds for the Indians in question." Ex. 2.

46.    In a letter written on the same date, March 23, 1865 (Exhibit 3)  Rev. Hinman's wrote to  to Bishop Whipple that  "upwards of 10,000 acres of land [are] set apart for Taopi & friendly Sioux located at Redwood and including our dear little church. The Indians are to have 80 acres each – i.e., heads of families – in fees simple and unalienable.  Clark Thompson, Supt, has agreed to furnish seed & plough the land for me…"  Ex. 3.

47.    However,  in an undated letter written by Rev. Hinman to  Bishop Whipple he would note white resistance to the Mdewakanton:

The Sec. of the Interior, at our request, withdrew from sale, by Ex. Order, 10,000 acres for this purpose & located it at & near the old Lower Sioux Agency. Gen. Pope refuse[d] to let these Indians locate there, but Gen. Grant overruled Pope and order Sibley to allow the settlement to be made as we attempted. This was however prevented by the feeling at New Ulm and on the border generally consequent upon a recent cold blooded murder by the renegade Indians near Mankato. This 10,000 acres was being withheld from sale for some years, but finally restored for sale.

Ex. 4.

48.     The white resistance would reach the Secretary of the Interior through a report dated April 29, 1866 (Exhibit 5) confirming Rev. Hinman's own assessment: "Action was taken by the department, about one year ago, to select for them eighty acres of land each upon the old reservation, but the feeling among the whites is such as to make it impossible for them to live there in safety." Ex. 5.

49.     Then and now, "local white hostility" is a legally insufficient excuse for violating federal law.

**FACT ALLEGATIONS SPECIFIC TO DEFENDANTS**

50.     Defendant Redwood County, Defendant Paxton Township, Defendant Sherman Township**,** Defendant Honner Township**,** Defendant Renville County, Defendant Birch Cooley Township, Defendant Sibley County Defendant Moltke Township in Sibley County wrongfully possess and are and have trespassed on Loyal Mdewakanton property in Redwood, Renville and Sibley Counties (Minnesota), legally described as Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35;

Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31,

T. 113 N., R. 31. For instance, the county and township Defendants wrongfully

possess property interests within this 12 square mile reservation area such as

county/township road rights of way and easements.

51.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Redwood County, Section 1, Township 112,

Range 35 including but not limited to:

| DEFENDANT (unless noted) | Parcel No. | Property Description |
|---|---|---|
| John Goelz III | 62-001-1020 | S/T/R 1-112-35 TR IN SW1/4 NE1/4 LYING ELY OF E LN OF |
| Gerald H. Hosek,  et al. | 62-001-1040 | S/T/R 1-112-35 THAT PT OF SW1/4 NE1/4 W OF MORTON ROAD & |
| Allen J. and Jacalyn S. Kokesch | 62-001-1060 | S/T/R 1-112-35 THAT PT OF SW1/4 NE1/4 S OF REDWOOD ROAD & |
| Lower Sioux Indian Community | 62-001-1080 | S/T/R 1-112-35 TR IN SW1/4 NE1/4, 2.02A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-1100 | S/T/R 1-112-35 N1/2 NE1/4 & SE1/4 NE1/4 & E1/2 SE1/4, |
| Paul W. and Karen J. Schroeder | 62-001-2020 | S/T/R 1-112-35 AUD LOT 3 EX TR TO USA & DOT, & N 38 RDS |
| Chad M. and Amy M. Lund | 62-001-2060 | S/T/R 1-112-35 AUD LOT 7 & PT OF LOT 8, 7.94A |
| Gerald H. Hosek,  et al. | 62-001-2080 | S/T/R 1-112-35 AUD LOT 6 EX TR. 5.5A |
| Gerald H. Hosek,  et al. | 62-001-2100 | S/T/R 1-112-35 AUD LOT 8 N OF REDWOOD ROAD, 20.A |
| Allen J. and Jacalyn S. Kokesch | 62-001-2120 | S/T/R 1-112-35 LOT B OF LOT 8, 2.84A |
| Rockford L. and Janie K. Crooks | 62-001-2160 | S/T/R 1-112-35 TR IN LOT 6, 2.62A M/L |
| Chad M. and Amy M. Lund | 62-001-2180 | S/T/R 1-112-35 TR IN LOT 8, 1.44A M/L |
| Minnesota DNR – not Defendant | 62-001-2200 | S/T/R 1-112-35 PT OF NFR1/2 NW1/4 S S R/W OF MINNESOTA |
| State of Minnesota – not Defendant | 62-001-2210 | S/T/R 1-112-35 TRS IN NFR1/2 NW1/4, 11.85A M/L |
| Lower Sioux Indian Community | 62-001-2220 | S/T/R 1-112-35 N1/2 AUD LOT 1, 2.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-2240 | S/T/R 1-112-35 LOT 2 & S1/2 AUD LOT 1, 10.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-2260 | S/T/R 1-112-35 2A IN LOT 5 FOR ROAD TAX EXEMPT |
| Minnesota DNR – not Defendant | 62-001-2280 | S/T/R 1-112-35 PT OF LOT 4, 2.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-2300 | S/T/R 1-112-35 LOT 5, 44.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-3020 | S/T/R 1-112-35 SW1/4 SW1/4, 40.A |
| Lower Sioux Indian Community | 62-001-3040 | S/T/R 1-112-35 4.2A OF AUD LOT 3, 4.20A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-3060 | S/T/R 1-112-35 S 9.A OF LOT 4, 9.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-3080 | S/T/R 1-112-35 AUD LOTS 10, 11, 12 & 13, 44.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-3100 | S/T/R 1-112-35 N 5.A OF AUD LOT 14, 5.A TAX EXEMPT |
| UT School District | 62-001-3120 | S/T/R 1-112-35 1.A IN LOT 14 TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-3140 | S/T/R 1-112-35 S 30.A IN AUD LOT 14, EX 1.A TR TO SCHOOL |
| Episcopal Diocese of Minnesota | 62-001-4020 | S/T/R 1-112-35 AUD LOT 9, 20.A CHURCH, PARISH HALL, HOUSE |

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Lower Sioux Indian Community | 62-001-4040 | S/T/R 1-112-35 AUD LOT 15, 2.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-4060 | S/T/R 1-112-35 AUD LOT 16 & 17, 18.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-4080 | S/T/R 1-112-35 LOT 18 EX TR, 34.A TAX EXEMPT |
| Lower Sioux Indian Community | 62-001-4100 | S/T/R 1-112-35 PT OF LOT 18, 11.A TAX EXEMPT |

52.     The Defendants wrongfully possess and are and have trespassed on Loyal Mdewakanton property in Redwood County, Section 2, Township 112, Range 35 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Minnesota DNR (not Defendant) | 62-002-1020 | S/T/R 2-112-35 AUDSUB 1 4.9A TAX EXEMPT |
| Lower Sioux Indian Community | 62-002-1040 | S/T/R 2-112-35 ASSIGN 50 & S1/2 NE1/4 EX TR OF LOT 8, |
| Lower Sioux Indian Community | 62-002-1060 | S/T/R 2-112-35 AUDSUB 1 7.65A |
| Lower Sioux Indian Community | 62-002-1080 | S/T/R 2-112-35 AUDSUB 1 2.A |
| Lower Sioux Indian Community | 62-002-1100 | S/T/R 2-112-35 AUDSUB 1 LOTS 1 & 9 & E1/2 NFR PT OF NE1/4, 17.33A |
| Lower Sioux Indian Community | 62-002-1120 | S/T/R 2-112-35 AUDSUB 1 6.88A |
| Michael R. Rasmussen | 62-002-2020 | S/T/R 2-112-35 SODERGRENS SUBDIVISION TR IN NW COR NW1/4, LOT D, 8.48A |
| Lee H. Guggisberg Trust UWT | 62-002-2040 | S/T/R 2-112-35 AUDSUB 1 AUD LOT 5 EX PT OF LOT B & NFR1/2 NW1/4 EX |
| Patrick T. and Nancy S. Hansen | 62-002-2060 | S/T/R 2-112-35 AUDSUB 1 AUD LOT 6 & 7, 35.A |
| Kelly M. Lipinski | 62-002-3020 | S/T/R 2-112-35 SW1/4 SW1/4 EX OAK'S ADDITION & EX .78A & |
| Cynthia Johnson | 62-002-3030 | S/T/R 2-112-35 TR COM NE COR LOT 5, BLK 1 OF OAK'S |
| Lower Sioux Indian Community | 62-002-3040 | S/T/R 2-112-35 N1/2 SW1/4 & SE1/4 SW1/4; ALSO SW1/4 SE1/4 |
| Mitchell H. Unruh | 62-002-3060 | S/T/R 2-112-35 BEG AT SE COR OF SW1/4 SW1/4, TH N TO NE |
| Lower Sioux  Indian Community | 62-002-4040 | S/T/R 2-112-35 NW1/4 SE1/4 & E1/2 SE1/4 EX TRS IN LOT 8, |

53.     The Defendants  wrongfully possess and are and have trespassed on Loyal Mdewakanton property in Redwood County, Section 3, Township 112, Range 35 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Michael R. Rasmussen | 62-003-1020 | S/T/R 3-112-35 SODERGRENS SUBDIVISION TR IN NE1/4 NE1/4, LOT E, 1.38A |
| William and Norman Schmidt | 62-003-1040 | S/T/R 3-112-35 NFR1/2 NE1/4 EX TRS, 29.56A |
| Prouty Properties LLC | 62-003-1060 | S/T/R 3-112-35 S1/2 NE1/4 EX E 10.A, & W 33' NWFR1/4 |
| Prouty Properties LLC | 62-003-1080 | S/T/R 3-112-35 E 10.A OF S1/2 NE1/4, 10.A |
| Robert D. and Lori A. Rebstock | 62-003-2020 | S/T/R 3-112-35 BEG AT A PT 325.5' W OF N1/4 COR 525' X |
| Allan D. Eller | 62-003-2040 | S/T/R 3-112-35 NLY 378.3' OF W1/2 NWFR1/4, 11.91A |
| Elmer C. and Barbara L. Dahms | 62-003-2060 | S/T/R 3-112-35 PT OF W1/2 NWFR1/4 LY S & E OF CTR LN CROW |
| Prouty Properties LLC | 62-003-2080 | S/T/R 3-112-35 EFR1/2 NW1/4 LYING N OF CTR CROW CREEK |

EX

| Defendant | Parcel No. | Property Description |
|---|---|---|
| Elmer C. and Barbara L. Dahms | 62-003-2100 | S/T/R 3-112-35 STRIP ALONG E LINE SE1/4 NWFR1/4 & NE1/4 |
| Marlene A. Platt RT | 62-003-3020 | S/T/R 3-112-35 S1/2 SW1/4, 80.A |
| Prouty Properties LLC | 62-003-4020 | S/T/R 3-112-35 NE1/4 SE1/4, 40.A |
| Eugene A. Engstrom | 62-003-4060 | S/T/R 3-112-35 SW1/4 SE1/4, 40.A |
| Kelly M. Lipinski | 62-003-4080 | S/T/R 3-112-35 BALANCE OF SE1/4 SE1/4, 17.94A |

54.    The Defendants wrongfully possess and are and have trespassed on Loyal Mdewakanton property in Redwood County, Section 11, Township 112, Range 35 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Lee H. Guggisberg Trust B UWT | 62-011-1020 | S/T/R 11-112-35 NE1/4 EX TR 415' X 1050.7', 149.99A |
| Lower Sioux Indian Community | 62-011-1040 | S/T/R 11-112-35 TR IN NE1/4 BEG ON N LN AT A PT 530.64' W |
| Enid Guggisberg, et al. | 62-011-2020 | S/T/R 11-112-35 NW1/4 160.A |
| Melvin W. and Kerry D. Maddock | 62-011-3020 | S/T/R 11-112-35 TR IN S1/2 SW1/4, 6.46A M/L |
| Thomas J. Heiling | 62-011-3030 | S/T/R 11-112-35 S1/2 SW1/4 EX TR, 73.54A M/L |
| Keefe Family Farm LLC | 62-011-3040 | S/T/R 11-112-35 N1/2 SW1/4, 80.A |
| Larry Lussenhop | 62-011-4020 | S/T/R 11-112-35 TR IN SE1/4 SW1/4, 159.85' X 301.26', |
| Jon Lussenhop | 62-011-4030 | S/T/R 11-112-35 SE1/4 EX TR 159.85' X 301.26', 158.9A M/L |

55.    The Defendants  wrongfully possess and are and have trespassed on Loyal Mdewakanton property in Redwood County, Section 12, Township  112, Range 35 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Lower Sioux Indian Community | 62-012-1020 | S/T/R 12-112-35 NE1/4 & E1/4 NW1/4, 200.A TAX EXEMPT |
| TJ & CC Properties LLC | 62-012-2020 | S/T/R 12-112-35 N 10 ACRES OF W3/4 NW1/4, 10.A M/L |
| Larry Lussenhop | 62-012-2040 | S/T/R 12-112-35 W3/4 NW1/4 EX N 10 ACRES & NW1/4 SW1/4, |
| Dennis A. and Michelle D. | 62-012-3020 | S/T/R 12-112-35 COM @ SE COR OF SW1/4; TH N 730'. W 600', |
| Dale R. and Nancy Hanna | 62-012-3040 | S/T/R 12-112-35 S1/2 SW1/4 & NE1/4 SW1/4 LESS TR 600' X |
| Harold Guggisberg | 62-012-4020 | S/T/R 12-112-35 TR IN SW COR SE1/4, 5.33A M/L |
| Sandra Clarken, et al. | 62-012-4040 | S/T/R 12-112-35 NELY 65.68A SE1/4, 65.68A M/L |
| Jon Lussenhop | 62-012-4060 | S/T/R 12-112-35 SWLY 88.99A SE1/4 EX TR, 88.99A |

56.    The Defendants wrongfully possess and are and have trespassed on Loyal Mdewakanton property in Redwood County, Section 35, Township 113, Range 35 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Minnesota DNR (not Defendant) | 62-135-1020 | S/T/R 35-113-35 ALL THAT PT OF SEC S & E OF DESCRIBED LINE |
| State of Minnesota (not Defendant) | 62-135-2020 | S/T/R 35-113-35 ALL THAT PT OF SEC N & W OF DESCRIBED LINE |
| Michael R. Rasmussen | 62-135-3020 | S/T/R 35-113-35 SODERGRENS SUBDIVISION LOT A & LOT W IN SW1/4 SW1/4 EX 3.21 A TR |
| Michael R. Rasmussen | 62-135-3040 | S/T/R 35-113-35 SODERGRENS SUBDIVISION LOT B IN SE1/4 SW1/4 S OF R/R & LOT C IN |
| Minnesota DNR – not Defendant | 62-135-3060 | S/T/R 35-113-35 TR IN SW1/4, 49.4A |
| State of Minnesota (not Defendant) | 62-135-3080 | S/T/R 35-113-35 TR IN SW1/4 & SE1/4, 9.62A M/L |
| Julie Anna Guggisberg | 62-135-4040 | S/T/R 35-113-35 PT OF SW1/4 SE1/4 LYING W OF ELY EDGE OF |
| Steven R. and Dawn R. Helmer | 62-135-4060 | S/T/R 35-113-35 PT OF SE1/4 BEG S LN 501.85' E OF S1/4 COR |
| Lower Sioux Indian Community | 62-135-4080 | S/T/R 35-113-35 TR IN SE COR OF SE1/4, 8.51A TAX EXEMPT |

57.    The Defendants  wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Renville County,  Section  35, Township 113,

Range 35 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| George F. Schottenbauer | 02-01670-00 | S/T/R 35-113-35 US LOT 1 |
| John and Alice and Francis Goeltz, et al. | 02-01680-00 | S/T/R 35-113-35 US LOTS 2, 3, 4 & 11 |

58.    The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Redwood County, Section 5, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Minn. Historical Society (not a Defendant | 65-005-3020 | S/T/R 5-112-34 LOTS 5 & 6, 78.25A WOODS TAX EXEMPT |

59.    The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Renville County,  Section  5, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Edward J. Gaasch | 03-01110-00 | S/T/R 5-112-34 LOT 1 IN NW4 OF SW4 & THAT PORTION |
| Edward J. Gaasch | 03-01111-00 | S/T/R 5-112-34 W2 OF NW4 -EX THAT PORTION |

| | | |
|---|---|---|
| Simmons Valley Trust | 03-01120-00 | S/T/R 5-112-34 N2 OF NE4 -EX SITE- & SE4 OF NE4 |
| John C. and Mary J. Simmons | 03-01121-00 | S/T/R 5-112-34 5.52 A BLDG SITE IN NE4 OF NE4 BETWEEN |
| Edward J. Gaasch | 03-01122-00 | S/T/R 5-112-34 SITE IN N2 OF NE4 BETWEEN HWY 19 & RR |
| Edward J. Gaasch | 03-01130-00 | S/T/R 5-112-34 SW4 OF NE4 & E2 OF NW4 |
| Simmons Valley Trust | 03-01140-00 | S/T/R 5-112-34 LOTS 2 & 3 |
| Simmons Valley Trust | 03-01150-00 | S/T/R 5-112-34 US LOT 4 & NE4 OF SE4 & |

60.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Redwood County, Section  6, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel  No. | Property Description |
|---|---|---|
| Lower Sioux Indian Community | 65-006-1020 | 112-34 ALL OF SEC, 403.31A TAX EXEMPT |

61.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Renville County,  Section  6, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| Edward J. Gaasch, et al. | 03-01160-00 | S/T/R 6-112-34 US LOT 1 |
| Edward J. Gaasch | 03-01170-00 | S/T/R 6-112-34 US LOT 2 & THAT PORTION ENROLLED IN RIM |
| Edward J. Gaasch | 03-01171-00 | S/T/R 6-112-34 U S LOT 3 -EX THAT PORTION ENROLLED |

62.     The  Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Redwood County, Section 7, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
|---|---|---|
| John L. Hogan | 65-007-4020 | S/T/R 7-112-34 E1/2 SE1/4, 80.A |
| Lower Sioux Indian Community | 65-007-4040 | S/T/R 7-112-34 ALL OF SEC EX E1/2 SE1/4, 543.62A HOMES |

63.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Redwood County, Section  8, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
| --- | --- | --- |
| Timothy H. and Theresa J. Kerkhoff | 65-008-1020 | S/T/R 8-112-34 5.04 A TR IN W1/2 NE1/4, 5.04A M/L |
| Sherman Acres LLC | 65-008-1030 | S/T/R 8-112-34 S1/2 NE1/4 EX TRS & SE1/4 EX TR IN NE COR, |
| Minn. DNR (not Defendant) | 65-008-1040 | S/T/R 8-112-34 LOTS 2 & 3 EX TR IN S1/2 NW1/4 NE1/4 & N |
| Kenneth Larsen | 65-008-1060 | S/T/R 8-112-34 TR IN E1/2 E1/2, 30.92A M/L |
| Henry G. and Judith A. O'Neil | 65-008-1080 | S/T/R 8-112-34 TR IN S1/2 NE1/4 COM 470.96' S OF E1/4 |
| Charles D. Neitzel | 65-008-2020 | S/T/R 8-112-34 SE1/4 NW1/4, 40.A |
| John L. Hogan | 65-008-2040 | S/T/R 8-112-34 W1/2 SW1/4 & SW1/4 NW1/4, 120.A |
| Minn. Historical Society (not Defendant) | 65-008-2060 | S/T/R 8-112-34 NE1/4 NW1/4, 40.A TAX EXEMPT |
| Minn. Historical Society (not Defendant) | 65-008-2080 | S/T/R 8-112-34 NW1/4 NW1/4, 40.A INTERPRETIVE CENTER |
| Dale R. and Nancy A. Hanna | 65-008-3020 | S/T/R 8-112-34 E1/2 SW1/4, 80.A |

64.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Redwood County, Section 9, Township 112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
| --- | --- | --- |
| Scott A. and Kimberly A. Olafson | 65-009-1020 | S/T/R 9-112-34 LOT 5 & S 40.A OF LOT 6 & S 40.A OF LOT 7 |
| John Hogan | 65-009-1040 | S/T/R 9-112-34 SE1/4 & LOT 4, 179.50A |
| Minn. DNR (not Defendant) | 65-009-1060 | S/T/R 9-112-34 N 17.21A OF LOT 6, 17.21A TAX EXEMPT |
| Minn. DNR (not Defendant) | 65-009-2020 | S/T/R 9-112-34 N 6.76A OF LOT 7, 6.76A WOODS TAX EXEMPT |
| John L. Hogan | 65-009-3020 | S/T/R 9-112-34 SW1/4 EX TR, 154.80A M/L |
| Kim M. Cunningham | 65-009-3040 | S/T/R 9-112-34 COM NE COR SW1/4 SW1/4, TH N 10' TO CTR CO |

65.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Renville County,  Section 9, Township  112,

Range 34 including but not limited to:

| Defendant (unless noted) | Parcel No. | Property Description |
| --- | --- | --- |
| Simmons Valley Trust | 03-01180-00 | S/T/R 9-112-34 LOT 1 |
| John H. and Jeanne A. Reynolds | 03-01190-00 | S/T/R 9-112-34 LOT 2 |
| John H. and Jeanne A. Reynolds | 03-01200-00 | S/T/R 9-112-34 LOT 3 |

66.     The Defendants wrongfully possess and are and have trespassed on

Loyal Mdewakanton property in Sibley County,  Section 31, Township 113, Range

31 including but not limited to:

| Defendant (unless noted) | Parcel No. |
|---|---|
| Douglas and Brenda Scherer | R 19.3103.000 & 19.3103.020 & 19.3104.000 & 19.3108.000 |
| Willard and Eugenie Scherer | R 19.3103.010 |
| Bruce Robert Black | R 19.3109.000 |
| Lila L. Black | R 19.3109.010 |
| Neil and Donna Berger Family | R 19.3101.000 |
| Charles Case | R 19.3102.000 & 19.3105.000 |
| Lyle Black Living Trust | R 19.3106.000 &19.3107.000 |

# CLASS ACTION ALLEGATIONS

## Plaintiff Class

67. The above paragraphs are incorporated herein by reference as if restated in their entirety.

68. Plaintiffs bring this class action on behalf of themselves and all others similarly situated for all claims alleged herein, pursuant to all applicable provisions of Rules 23.01 and 23.02 of the Federal Rules of Civil Procedure.

69. The Proposed Class Plaintiffs seek to represent is composed of: All persons who are statutory beneficiaries of the Act of February 16, 1863.

70. Plaintiffs specifically exclude from the Class: Defendants, employees or authorized representatives of Defendants, and any or all of their affiliates, legal representatives, heirs, successors, and assignees.

71. Plaintiffs also specifically exclude from the Class the judges assigned to this case, and any member of their immediate families.

72. As set forth below, this class action satisfies all requirements under Rule 23.01 and Rule 23.02 of the Federal Rules of Civil Procedure, including, but not limited to, the elements commonly known as numerosity, commonality, typicality, adequacy, and superiority.

73. The Proposed Class is so numerous that joinder of all members is impracticable. The Proposed Class is believed to exceed 20,000 members.

74. The claims of the Proposed Class share common questions of law or fact. Defendants have engaged in a common course of misconduct of occupying the 12 square mile reservation of the Loyal Mdewakanton. The common course of misconduct and resultant injury to Plaintiffs and the other members of the Proposed Class and the commonality of remedies available demonstrate the propriety of class certification.

75. The claims of the Proposed Class Representatives are typical of the class. Each member of the Proposed Class as Loyal Mdewakanton which has exclusive title, occupancy and use and the right of quiet enjoyment of the 12 square mile reservation. Plaintiffs' individual claims arise out of the same misconduct perpetrated by each Defendant – wrongful possession and trespass -- against Plaintiffs and other members of the Proposed Class. Thus, Plaintiffs' theories and evidence will be practically identical to those underlying the claims of the other members of the Proposed Class.

76.     Plaintiffs will fairly and adequately protect the interests of the Proposed Class. Plaintiffs have no adverse or conflicting interests, and have retained experienced and competent counsel to adequately litigate this class action.

77.     In addition, adjudication by individual members of the Proposed Class would create a risk of inconsistent adjudications with respect to individual members of the class, and as a practical matter, would be dispositive of the interests of other members not parties to the adjudications. If Plaintiffs prevailed against Defendants, the claims of the other members of the Proposed Class would be substantially affected.

78.     Further, the common questions of law or fact predominate over any questions affecting individual members, and the class action is superior to other available methods, considering the amount in controversy. Adjudication of this class action in a single forum would obviate the potential for inconsistent results for Proposed Class members. Plaintiffs are not aware of any difficulties likely to be encountered in managing this litigation as a class action.

79.     Proper and sufficient notice of this action may be provided to the Proposed Class members.

80.     Plaintiffs and other members of the Class have suffered damages as a result of Defendants' illegal conduct as alleged herein. Absent representative

action, the members of the Class will continue to suffer losses if Defendants'

violations of the law are allowed to continue.

## Claims for Relief

## COUNT I

## Claim for Federal Declaratory Judgment

### Brought By Plaintiffs and Proposed Plaintiff Class
### Against Defendants

81.     The above paragraphs are incorporated herein by reference as if

restated in their entirety.

82.     This claim for federal declaratory judgment is brought by Plaintiffs

and Proposed Plaintiff Class against Defendants.

83.     The Act of Feb. 16, 1863 has never been repealed.

84.     The Secretary, on March 17, 1865 did "set apart" and thereby

conveyed the identified lands to the Loyal Mdewakanton, the Loyal Mdewakanton

own title to the 12 square mile reservation.

85.     Others presently in possession of the 12 square-mile reservation, as

previously identified such as the defendant governmental entities and other  private

possessors do not have title to those lands.

86.     The United States from 1865 through 1895 sold the 12 mile

reservation to third parties and issued land patents.

87.     The government did not have the authority to issue land patents to convey any land within  the 12 square mile reservation.

88.     Because of the erroneous federal land patents, the 12 square mile reservation has been wrongfully possessed by the original purchasers and subsequent owners since 1865.

89.     Notably, after the United States issued the erroneous land patents, the United States did purchase some of these lands for transfer to the Loyal Mdewakanton and/or Lower Sioux Indian Community. These United States purchases occurred in the approximate periods of 1888-1891 and 1934-1936.  The United States erroneous land patents and subsequent purchase and transfer do not negate Loyal Mdewkanton title to these lands.

90.     The Loyal Mdewakanton has never waived or abandoned its title to the 12 square mile reservation.

91.     The 1934 Indian Reorganization Act states, "On and after June 18, 1934, no land of any Indian reservation, created or set apart by treaty or agreement with the Indians, Act of Congress, Executive order, purchase, or otherwise, shall be allotted in severalty to any Indian," the Department of the Interior has not had the legal authority since 1934 to allot in severalty the 12 square mile reservation into 80 acre parcels for the individual members of the Loyal Mdewakanton.

92.     Currently, due to the erroneous federal land patents and subsequently recorded land transactions, the   Defendants are in wrongful possession of the Loyal Mdewakanton's 12 square mile reservation and have and are trespassing on the Loyal Mdewakanton's property.

93.     The Plaintiffs and the Proposed Plaintiff Class members as Loyal Mdewakanton have been damaged by the wrongful possession and trespass in an amount exceeding $75,000.

94.     The Plaintiffs hereby request the Court issue a declaratory judgment that the Loyal Mdewakanton own exclusive title, use and occupancy and the right to quiet enjoyment of the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.


## COUNT II

### Federal Common Law Claim of Ejectment

### Brought By Plaintiffs and Proposed Plaintiff Class
### Against Defendants


95.     The above paragraphs are incorporated herein by reference as if restated in their entirety.

96.    This claim for federal declaratory judgment is brought by Plaintiffs and Proposed Plaintiff Class against Defendants.

97.    Since the Secretary on March 17, 1865 did, in fact, "set apart" and thereby convey the land to the Loyal Mdewakanton, the Loyal Mdewakanton owns title to the 12 square mile reservation – not the current governmental and private possessors who are trespassing.

98.    The Plaintiffs as the Loyal Mdewakanton own exclusive title, occupancy and use and the right to quiet enjoyment to the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

99.    Mistakenly, the United States from 1865 through 1895 sold the 12 mile reservation to third parties and issued land patents.

100.    These land patents were a mistake since such conveyance of the 12 square mile reservation was legally unauthorized – because the Loyal Mdewakanton actually owned title.

101.    Because of the erroneous federal land patents, the 12 square mile reservation has been wrongfully possessed by the original purchasers and subsequent owners since 1865.

102.    The Plaintiffs as Loyal Mdewakanton have been damaged by the wrongful possession and trespass.

103.    The Plaintiffs hereby request the Court issue a judgment and related injunction, based in the tort of ejectment, against   Defendants that they and their possessions be removed from the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

## COUNT III

### Federal Common Law Claim of Trespass

### Brought By Plaintiffs and Proposed Plaintiff Class
### Against Defendants

104.    The above paragraphs are incorporated herein by reference as if restated in their entirety.

105.    This claim for federal declaratory judgment is brought by Plaintiffs and Proposed Plaintiff Class against Defendants.

106.    Since the Secretary on March 17, 1865 did, in fact, "set apart" and thereby convey the land to the Loyal Mdewakanton, the Loyal Mdewakanton owns title to the 12 square mile reservation – not the current governmental and private possessors who are trespassing.

107.    The Plaintiffs as the Loyal Mdewakanton own exclusive title, occupancy and use and the right to quiet enjoyment to the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

108.    Mistakenly, the United States from 1865 through 1895 sold the 12 mile reservation to third parties and issued land patents.

109.    These land patents were a mistake since such conveyance of the 12 square mile reservation was legally unauthorized – because the Loyal Mdewakanton actually owned title.

110.    Because of the erroneous federal land patents, the 12 square mile reservation has been wrongfully possessed and trespassed by the original purchasers and subsequent owners since 1865.

111.    The Plaintiffs as Loyal Mdewakanton have been damaged by the trespass in an amount exceeding $75,000.

112.    The Plaintiffs hereby request the Court issue a judgment awarding damages in an amount exceeding $75,000, based in the tort of trespass, against Defendants for their trespass on the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35;

Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

## Prayer for Relief

WHEREAS, the above-named Plaintiffs, on behalf of themselves and all others similarly situated, respectfully request this Court to issue an order and judgment against Defendants:

1.  Certifying the Proposed Plaintiff Class;

2.  Entering a declaratory judgment and related injunction that the Plaintiffs as the Loyal Mdewakanton own exclusive title to the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

3.  Entering a declaratory judgment and related injunction against the Defendants based on the tort of ejectment that all Defendants and their possessions be removed from the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

4.  Entering a declaratory judgment and related injunction against the Defendants based on the tort of trespass that all Defendants and their

possessions be removed from the following 12 sections in Redwood, Renville and Sibley Counties (Minnesota) – Sections 1, 2, 3, 11 and 12, T. 112 N., R. 35; Section 35, T. 113 N., R. 35; Section 5, 6, 7, 8 and 9, T. 112 N., R. 34; Section 31, T. 113 N., R. 31.

5. Award the Plaintiffs damages against Defendants for trespass in an amount exceeding $75,000;

6. Award the Plaintiffs costs and reasonable attorney fees under the federal Equal Justice Act, 28 U.S.C. § 2412; and

7. Award such other relief as the court deems just.


Dated: May 20, 2014.               **MOHRMAN, KAARDAL & ERICKSON, P.A.**

  /s/Erick G. Kaardal
Erick G. Kaardal (Minn. 229647)
James V. F. Dickey (Minn. 393613)
33 South Sixth Street, Suite 4100
Minneapolis Minnesota 55402
Telephone: (612) 341-1074
Facsimile: (612) 341-1076
kaardal@mklaw.com

*Counsel for Plaintiffs*

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a jury trial.


Dated: May 20, 2014.      **MOHRMAN, KAARDAL & ERICKSON, P.A.**


  /s/Erick G. Kaardal
Erick G. Kaardal (Minn. 229647)
33 South Sixth Street, Suite 4100
Minneapolis Minnesota 55402
Telephone: (612) 341-1074
Facsimile: (612) 341-1076
kaardal@mklaw.com

*Counsel for Plaintiffs*

**VERIFICATION OF COMPLAINT**
**PURSUANT TO 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 20, 2014

  /s/Sheldon Peters Wolfchild
Sheldon Peters Wolfchild

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 20, 2014

  /s/Scott Adolphson
Scott Adolphson

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 20, 2014

  /s/Morris Pendleton
Morris Pendleton

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 20, 2014

 /s/Barbara Buttes
Barbara Buttes

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on May 20, 2014

 /s/Thomas Smith
Thomas Smith