UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Sheldon Peters Wolfchild et al.,

    Plaintiffs,

v.                              **MEMORANDUM OF LAW & ORDER**
                                     Civil No. 14-1597 (MJD/FLN)

Redwood County, et al.,

    Defendants.
_____

    Erick G. Kaardal and James V.F. Dickey, Mohrman, Kaardal & Erickson, P.A., Counsel for Plaintiffs.

    Joseph F. Halloran, Mary B. Magnuson, and Sara K. Van Normand, Jacobson, Magnuson, Anderson & Halloran, P.C., and Michael L. Murphy, Jacobson Law Group, Counsel for Defendant Lower Sioux Indian Community in Minnesota.

    Bradley N. Beisel and David J. Krco, Beisel & Dunlevy, P.A., Counsel for Defendants Dennis A. Auslam and Michelle D. Auslam, Lyle Black Living Trust, Scott A. Olafson and Kimberly A. Olafson, John H. Reynolds and Jeanne A. Reynolds, Allen J. Kokesch and Jacalyn S. Kokesch, Prouty Properties, LLC, Thomas J. Heiling, Paul W. Schroeder and Karen J. Schroeder, John Hogan, Bruce Robert Black, Lila L. Black, Douglas Scherer and Brenda Scherer, Charles Case, Enid Guggisberg, et al., Marlene A. Platt Revocable Living Trust, William Schmidt and Norma Schmidt, Simmons Valley Trust, Willard Scherer and Eugenie Scherer, Henry G. O' Neil and Judith A. O' Neil, Lee H. Guggisberg Trust, Harold Guggisberg, Julie Anna Guggisberg, George F. Schottenbauer, Sandra Clarken, et al., Keefe Family Farm LLC, John C. Simmons and Mary J. Simmons, Neil and Donna Berger Family [Trust], TJ & CC Properties LLC, Sherman Acres, LLC, and Charles D. Neitzel; Robert G. Benner, Dunlap & Seeger, P.A., Co-Counsel for Defendant Kenneth Larsen.

1

Ken D. Schueler, Robert G. Benner and Jennifer M. Peterson, Dunlap & Seeger, P.A., Counsel for Defendants Julie Anna Guggisberg, Dale R. Hanna, Nancy Hanna, Robert D. and Lori A. Rebstock, Jon Lussenhop, John C. Simmons, and Mary J. Simmons, Lee H. Guggisberg Trust UWT, Scott A. Olafson and Kimberly A. Olafson.

_____

This matter is before the Court on Plaintiffs' motion to stay the sanctions proceedings [Doc. No. 321] and to review the submissions for attorney's fees and costs.

I.   Background

By Order dated March 5, 2015, this Court granted Defendants' motions to dismiss this action with prejudice.  The Court found that Plaintiffs failed to assert a claim for relief and in the alternative, that the action must be dismissed pursuant to the equitable doctrine set forth in City of Sherrill v. Oneida Indian Nation, 544 U.S. 197, 202 (2005).   In addition, the Court found that it had no subject matter jurisdiction to address the claims against the Lower Sioux Indian Community (the "Community"), as the Community was entitled to sovereign immunity against the claims asserted.  Plaintiffs have filed an appeal to the Eighth Circuit Court of Appeals from the Court's March 5, 2015 Order.

Following the dismissal of this action, certain Defendants moved the Court

for sanctions on the grounds that Plaintiffs and their counsel knowingly commenced and prosecuted this action on legal theories that are not supported by existing fact or law, or did not involve a nonfrivolous argument for extending, modifying or reversing existing law.  By Order dated June 9, 2015, this Court granted the Defendants' motions for sanctions and ordered counsel to submit a detailed accounting of the attorney's fees incurred.  Plaintiffs were provided the opportunity to object to those submissions, and they have submitted written objections.  Plaintiffs have also filed an appeal to the Eighth Circuit from the June 9, 2015 Order.  Plaintiffs now move to stay the sanctions proceeding pending appeal.

## II.     Standard for Motion to Stay

Pursuant to Fed. R. App. P. 8, Plaintiffs move to stay the sanctions proceedings pending appeal.  The Court should consider the following four factors in determining whether to issue the requested stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."  Brady v. Nat'l Football

League, 640 F.3d 785, 789 (8th Cir. 2011) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). The movant bears the burden of proof on all four factors. James River Flood Control Ass'n v. Watt, 680 F.2d 543, 544 (8th Cir. 1982).

    A.    Analysis

        1.    Likelihood of Success on the Merits

Plaintiffs argue they are likely to succeed on the merits on appeal based on the same arguments that were included in their opposition to the motions to dismiss. The Court has thoroughly reviewed the factual background of this case and all of the arguments submitted, and again finds Plaintiffs' arguments without merit. The Community is immune from suit, Plaintiffs failed to state a claim for relief and under the equitable Sherrill doctrine, Plaintiffs are not entitled to the relief sought: ejecting defendants from land they and their predecessors have occupied for more than one hundred years because of an allegedly illegal act committed by the United States government. Accordingly, Plaintiffs have failed to demonstrate a likelihood of success on the merits on appeal.

Plaintiffs further argue they are likely to succeed on the merits of their appeal of this Court's Order granting Defendants' motions for sanctions.

Plaintiffs again argue that the motions for sanctions was granted in error because Defendants did not follow the procedural requirements set forth in Rule 11 of the Federal Rules of Civil Procedure and because this Court did not issue an order to show cause as to why sanctions should not be granted pursuant to the Court's inherent authority or 28 U.S.C. § 1927.

In its Order granting sanctions, the Court found that, with the exception of the Municipal Defendants, the Defendants moving for sanctions had properly followed the procedures set forth in Rule 11.  The Court also held that it could entertain the Municipal Defendant's motions for sanctions under the Court's inherent authority and § 1927.  Plaintiffs argue that a court cannot impose sanctions under its inherent authority or § 1927 unless the Court first issues an order to show cause.

The Supreme Court holds that pursuant to the court's inherent authority, "[l]ike other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record.  But in a proper case, such sanctions are within a court's powers."  Roadway Exp., Inc. v. Piper, 447 U.S. 752, 767 (1980).  Here, the Community argued that pursuant to the court's inherent power and Rule 11(c) of the Federal Rules of Civil Procedure, the

Court could impose sanctions against Plaintiffs for knowingly making legal assertions that were contrary to settled law. (Doc. No. 208 (Memorandum of Law in Support of Sanctions, p. 6, 8, 16-18, 20)).) The Municipal Defendants also moved for sanctions "based on the same law that is more explicitly set forth in the memoranda of the Tribe and the Landowners relating to their requests for sanctions." (Doc. No. 239 (Municipal Defendants' Motion p. 2).) Plaintiffs and their counsel were thus given fair notice that they could be sanctioned under the court's inherent authority or Rule 11. Plaintiffs were also provided the opportunity to submit a memorandum and were provided a hearing to present argument in opposition to the motions for sanctions.

Plaintiffs also argue they are likely to succeed on the merits of the appeal of the sanctions Order, as Plaintiffs will prevail on the merits issues. In support, Plaintiffs reassert arguments previously submitted. Those arguments have been reviewed and rejected by this Court, and Plaintiffs have not demonstrated any grounds upon which this Court should reconsider its prior rulings. Accordingly, Plaintiffs have not demonstrated a likelihood of success on the merits of their appeal of the sanctions Order.

## 2. Irreparable Injury/Substantial Harm to Nonmoving Party

Plaintiffs argue they have already been injured by the Court's decision to impose sanctions, which has injured their ability to prosecute their appeal by diverting time and resources from that process. Plaintiffs further argue that had the Court taken judicial notice of the Community's Corporate Charter, the Court would not have issued sanctions against Plaintiffs because the Court would have found the Community did not have sovereign immunity. Further, Plaintiffs' counsel assert they face irreparable injury to their reputation so long as the sanctions order is pending.

Defendants assert that staying the sanctions proceedings will extend and augment the substantial injury they are already experiencing, having to defend against a frivolous lawsuit. In addition, judicial economy and efficiency support one motion to stay the entire June 9, 2015 Order, yet Plaintiffs have chosen to bring two separate motions to stay. Defendants ask the Court to issue sanctions, thereby transferring jurisdiction to the Eighth Circuit.

The Court finds that Plaintiffs have not demonstrated they will be irreparably injured absent a stay. First, Plaintiffs' arguments with respect to the Community's Corporate Charter are without merit. As recognized in this Court's

June 9, 2015 Order, the Eighth Circuit has already held that a "sue and be sued" clause" in a Tribe's corporate charter does not operate as a general waiver of the Tribe's immunity from suit.  Rosebud Sioux Tribe v. Val-U of South Dak., Inc., 50 F.3d 560, 563 (8th Cir. 1995).  Second, sanctions are designed to publically admonish, reprimand or censure individuals who advance frivolous litigation in bad faith, therefore harm to reputation is not a basis to stay the order.  Plaintiffs can still seek relief through their appeal of the sanctions order.

      **3.**      **Public Interest**

The Court finds this factor weighs in favor of denying the stay and allowing the appeal process to proceed without further delay.  See In re Uponor, Inc., No. 11-MD-2247, 2012 WL 4328370, at * 3 (D. Minn. Sep. 20, 2012) (recognizing that public interest favors swift resolution of action).

Based on the above, the Court finds that Plaintiffs have failed to demonstrate that a stay of the sanctions order is warranted.  Accordingly, the motion to stay will be denied.

**IV.**    **Reasonable Attorney's Fees and Costs**

Rule 11 (c)(4) provides:

A sanction imposed under this rule must be limited to what suffices to

deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

In determining what amount of monetary sanction will deter repetition of the conduct or comparable conduct by others, courts have considered the reasonable attorney's fees and costs expended by defendants in defending a frivolous action. See, e.g., Murphy v. Aurora Loan Serv., LLC, 859 F. Supp.2d 1016, 1023 (D. Minn. 2012).

The lodestar method is frequently used to determine a reasonable attorneys' fee award. Fish v. St. Cloud State Univ., 295 F.3d 849, 851 (8th Cir. 2012). This method requires the Court to multiply the reasonable amount of hours spent on the case by a reasonable hourly amount. Id. The resulting figure may be adjusted at the discretion of the Court after considering factors relevant to the case, including:

> the experience and ability of the attorney, the time and labor required to perform the legal service properly, the amount involved in the case and the results obtained, the novelty and difficulty of the issues involved, the fee customarily charged in the locality for similar legal services, whether the fee is fixed or contingent, the time limitations imposed upon the client or by the circumstances, and the likelihood, if apparent to the client, that the

acceptance of the particular employment will preclude other employment by the lawyer.

All-Ways Logistics, Inc. v. USA Truck, Inc., 583 F.3d 511, 520-21 (8th Cir. 2009).

To determine a reasonable hourly rate, the Court should consider the prevailing rate for similar services in the community where the litigation took place when performed by lawyers with similar skills, experience and reputation. McDonald v. Armontrout, 860 F.2d 1456,1458-59 (8th Cir. 1988). The Court may also rely on its own experience and knowledge of the prevailing market rates. Warnock v. Archer, 397 F.3d 1024, 1027 (8th 2005).

    A.    The Lower Sioux Indian Community

On behalf of the Community, Joseph Halloran, Shareholder with Jacobson, Magnuson, Anderson & Halloran, P.C. ("the Firm") submitted an affidavit with attached exhibits setting forth the attorney's fees and costs incurred in defending this action. Halloran states the Firm has served as general counsel for the Community for more than 30 years and has represented the Community in this action. (Halloran Aff., ¶¶ 2, 3.)

Exhibit 2 to the Halloran Affidavit is the accounting of the attorneys' fees and costs incurred by the Community in defending this matter. (Id. ¶ 6.) Exhibit

2 demonstrates that the hourly rates charged by the Firm's attorneys in this matter range from $175 per hour to $125 per hour. To demonstrate these rates are reasonable, the Firm has submitted as Exhibit 1 a copy of the <u>Laffey</u> Matrix for 2014-15 which provides hourly rates for attorneys with varying years of experience. According to this Matrix, the prevailing rate for an attorney with more than twenty years experience is $520 per hour. Three of the attorneys working on this case, Halloran, Mary Magnuson and Mark Anderson, have over twenty years experience, but have billed only $175 per hour.

In addition to the <u>Laffey</u> Matrix, this Court relies on its own knowledge of the prevailing hourly rates charged by attorneys in the Twin Cities area, and finds that the hourly rates charged by counsel in this matter are substantially lower than the prevailing market rate.

The billings statements from the Firm show total attorney's fees of $106,902.02, and the costs in the amount of $42,296.39, for a total amount of $149,063.89. Plaintiffs have submitted objections to certain entries on the basis that they appear excessive and demonstrate a lack of billing judgment. The Court has reviewed the entries identified in Plaintiffs' objections and finds the entries to be reasonable.

With respect to the costs that were billed to the Community, Plaintiffs generally object to the fact that Defendants are seeking costs, allegedly in contravention to the Court's sanctions order. However, the Court's sanctions order specifically stated that "a monetary sanction in the form of reasonable attorney's fees and costs is necessary in order to deter Plaintiffs and their counsel from engaging in frivolous litigation in the future." (Doc. No. 291 (June 9, 2015 Order at 25).)

Plaintiffs also object that the Firm included in its accounting costs and non-taxable costs, such as $15,719.72 for Westlaw charges and $25,586 for expert expenses, without providing a supporting invoice, identification of the expert and the purpose of the expert.

The Court agrees that the Firm did not submit sufficient documentation concerning the Westlaw charges and the expert fees, therefore such costs will not be considered in the sanction award. Subtracting these costs results in reasonable attorney's fees and costs totaling $107,758.17.

### B.     Defendant Kenneth Larsen

On behalf of Defendant Larsen, Robert G. Benner, with Dunlap & Seeger, P.A., submitted an affidavit with attached exhibits setting forth the attorney's

fees and costs incurred in defending this action. Exhibit A is a detailed billing statement which demonstrates that the hourly rates charged are $145 per hour for Benner, $140 per hour for associate work and $70 per hour for paralegal work. Again, based on this Court's knowledge of the prevailing hourly rates charged by attorneys in the twin cities area, the Court finds that the hourly rates charged by counsel in this matter are substantially lower than the prevailing market rate. Dunlap & Seeger billed for 69.30 hours for a total attorney's fee of $8,173.50. (Ex. A p. 8.)

Plaintiffs claim that the entries are vague, excessive and unreasonable, which demonstrates a lack of billing judgment. Plaintiffs further assert that including fees related to the appeal are improper *per se*.

The Court agrees that the Eighth Circuit should determine whether fees related to the appeal can be recovered by Defendants. Based on the Court's review, it appears that the total fees related to appeal are $549.50, and that amount will not be included in the final sanction. With respect to the remaining entries, the Court finds them to be reasonable.

Plaintiffs also object to the inclusion of costs totaling $485.11. Based on its review, the Court finds the costs listed in Exhibit A are reasonable. Accordingly,

the reasonable attorney's fees and costs incurred on behalf of defendant Larsen by Dunlap & Seeger total $8,109.11.

### C. Larsen Affidavit

Defendant Kenneth Larsen has submitted an affidavit in which he states he incurred attorney's fees totaling $1,000 from Beisel & Dunlevy, P.A. As there is no invoice or affidavit from Beisel & Dunlevy, P. A., the Court will not include this amount in the final sanction.

### D. Defendants Robert and Lori Rebstock, Jon Lussenhop, Dale and Nancy Hanna, John and Mary Simmons, Julie Anna Guggisberg, Lee Guggisberg Trust UWT and Scott and Kimberly Olafson

On behalf of the above named Defendant Landowners, Ken Schueler, with Dunlap & Seeger, submitted an affidavit concerning the attorney's fees and costs incurred in defending this matter, together with the relevant statements of services. (Doc. No. 310.) Schueler attests that he and an associate agreed to defend this action at the reduced rate of $160 per hour for attorneys and $100 per hour for paralegal work. (Schueler Aff. ¶ 3.) As set forth in the attached exhibit, the total fees are $33,096.00. (Id. ¶ 4, Ex. A.)

Plaintiffs object to entries in the statement of services as vague and excessive, which shows a lack of billing judgment. Plaintiffs also object to those

fees related to the appeal.

The Court has reviewed the statement of services and will deduct from the requested attorney's fees those fees related to the appeal of this Court's Order granting defendants' motions to dismiss. Upon review, the Court also finds that certain entries were vague to the extent that the Court could not discern whether the hours billed related to the appeal, and those entries will be deducted as well. Accordingly, from the requested fees, the Court will deduct $5,252.

Schueler included in his affidavit a request for fees paid to Beisel & Dunlevy, P. A., by defendant landowners Julie Guggisberg and John Simmons. Again, as there is no invoice or affidavit from Beisel & Dunlevy, P. A., the Court will not include this amount in the final sanction.

Finally, with respect to costs, the Court will not include costs associated with the appeal. The Court will include costs of $507.49 in the sanction award.

Accordingly, the reasonable attorney's fees and costs incurred on behalf of the above named Defendant Landowners is $28,351.49.

### E. Municipal Defendants

On behalf of the Municipal Defendants, Jessica Schwie, with Jardine, Logan and O'Brien, PLLP, has submitted an affidavit with attached Exhibit A setting

forth the attorney's fees and costs incurred in defending this action. Schwie states the hourly rates charged range from $210 per hour for partners, $190 per hour for associates, $100 per hour for law clerks and $100 per hour for paralegals. As set forth above, based on this Court's knowledge of the prevailing hourly rates charged by attorneys in the Twin Cities area, the Court finds that the hourly rates charged by counsel in this matter are substantially lower than the prevailing market rate.

Exhibit A to the Schwie Affidavit is the itemized billing records. The total amount of fees billed by the Jardine, Logan and O'Brien law firm is $161,427, plus costs of $947.57. The Municipal Defendants further seek to include the expenses incurred by the Assistant County Attorney Glen Jacobsen. Pursuant to the Declaration of Glen Jacobsen, he incurred fees totaling $2,550 and costs of $123. (Jacobsen Decl. ¶ 1, Ex. B.)

Plaintiffs object to Exhibit A to the Schwie Affidavit to the extent that many of the entries include redactions which prevent the Court from determining whether the fees incurred were reasonable. Plaintiffs also object to the fees related to the appeal in this matter. Finally, Plaintiffs object to the Declaration of Glen Jacobsen, as such declaration does not provide an explanation of the work

16

performed by him.

The Court will deduct those fees related to the appeal, and will also deduct the fees incurred by Glen Jacobsen, as there is no explanation for the work performed. As to the remaining billings, the Court finds that despite the redactions, there is sufficient information in the billing statements to allow the Court to make a reasonableness determination. Following the entry of judgment on March 5, 2015, any billing entry that is unclear as to whether it is related to the appeal will be deducted. Based on its review of the fees, the Court will deduct $24,810 from the fee request. Accordingly, the reasonable attorney's fees and costs incurred on behalf of the Municipal Defendants is $137,687.57.

### F.     Inability to Pay Sanction

The grand total of the reasonable attorney's fees and costs is $281,906.34. Plaintiffs and their counsel ask the Court to further reduce the sanction award based on their ability to pay. In support, Plaintiffs have submitted declarations from lead counsel Erick Kaardal, and the six named Plaintiffs in order to demonstrate an inability to pay a sanction award near the $350,000 amount initially requested by defendants. Counsel also asks that the Court not impose the sanction against his law firm, Mohrman, Kaardal & Erickson, P.A. ("MKE"),

because such a sanction would cause significant financial harm to its business and employees, given that MKE is a small firm with only three partners. In addition, Kaardal asserts that no one else at MKE worked on this case, therefore no sanction should be imposed on MKE.

Rule 11(c)(1) provides that "Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." There is little guidance as to what constitutes "exceptional circumstances." Plaintiffs cite to the decision in Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 396-97 (6th Cir. 2009) in support of their claim that a small law firm should not be held jointly liable for a Rule 11 violation committed by one of its members. Plaintiffs' reliance on Rentz is misplaced, however, as the court found exceptional circumstances existed to exempt the law firm from paying the ordered sanction because the sanctioned attorney began to practice with the firm at issue after the case had already been pending for nine months. Id. By contrast, in this case, Kaardal has practiced with MKE for the entire time this matter was pending, and for the entire eleven years during which the case was pending before the Court of Claims.

The Court also takes issue with Kaardal's representation that he was the

only attorney at MKE handling this case. In addition to Kaardal, attorney James V.F. Dickey, an associate with MKE, is named as lead counsel and attorney to be noticed in the Court's docket. Dickey is also included in the signature block of Plaintiffs' memorandum in opposition to the motions to dismiss, (Doc. No. 185 p. 46.) and Plaintiffs' memorandum in opposition to defendants' motions for sanctions. (Doc. No. 251 p. 38.)

Further, MKE did not submit any financial information to the Court, therefore Kaardal and MKE have not met their burden of demonstrating that MKE is unable to pay all or part of the sanction. The Court thus finds that Plaintiffs have not demonstrated that exceptional circumstances exist which exempt MKE from being held jointly liable for the sanction imposed herein.

The Court has reviewed the declarations of Kaardal and the individual Plaintiffs. It is clear that each stands in a different financial position, and some have established that alone, he or she could not pay a large monetary sanction. However, Plaintiffs and counsel are jointly liable for the sanction, and sharing the burden of the sanction between them will decrease the financial burden on each and increase the ability to pay.

Accordingly,

IT IS HEREBY ORDERED:

1. Plaintiffs' Motion to Stay the Requirement for the Appellate Cost Bond [Doc. No. 293] is DENIED; and

2. Pursuant to Rule 11 of the Federal Rules of Civil Procedure and the Court's inherent authority, Plaintiffs and their counsel, Erick Kaardal and MKE, jointly and severally, shall pay reasonable attorney's fees and costs as follows: $107,758.17 to the Lower Sioux Indian Community; $8,109.11 to Defendant Kenneth Larsen; $28,351.49 to Defendants Robert and Lori Rebstock, Jon Lussenhop, Dale and Nancy Hanna, John and Mary Simmons, Julie Anna Guggisberg, Lee Guggisberg Trust UWT and Scott and Kimberly Olafson; and $137,687.57 to the Municipal Defendants.  These payments shall be made within thirty (30) days from the date of this Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Date:   September 25, 2015

                                                s/ Michael J. Davis
                                                Michael J. Davis
                                                United States District Court